UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO POWER COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>Defendants. | Case No. 1:18-cv-00255-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Idaho Power Company's Motion for Award of Attorney Fees. Dkt. 37. Idaho Power also filed a Bill of Costs. Dkt. 36. The motion is fully briefed and at issue. For the reasons that follow the Court will deny the motion.

# BACKGROUND

This case arose from EPA's failure to take action on Idaho's site-specific water quality standard for salmonid spawning of Snake River fall Chinook in the Snake River below Hells Canyon Dam. Idaho Power owns Hells Canyon Dam and had petitioned the Idaho DEQ to adopt the site-specific water quality standard – which it did in March 2012. Idaho then submitted the water quality standard to

EPA in June 2012. Under Section 303(c) of the Clean Water Act, 42 U.S.C. § 1313(c), EPA was required to either approve the standard within 60 days, or advise the state that changes were needed within 90 days. EPA took no action on the water quality standard for over five years.

Idaho Power filed suit against EPA in June 2018. Dkt. 1. Idaho Power, EPA, and the State eventually negotiated a stay and agreement to allow EPA to take action on the standard. Dkt. 13. In November 2019, EPA approved the standard and Idaho Power voluntarily dismissed the lawsuit. The Court subsequently entered judgment dismissing the Idaho Power's complaint with prejudice.

## ANALYSIS

Idaho Power seeks its attorney fees under Section 505(d) of the Clean Water Act, which provides:

> The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate.

33 U.S.C. § 1365(d).

> In order to award attorney's fees under § 1365(d), a district court must make two findings. First, it must find that the fee applicant is a "prevailing or substantially prevailing party." Second, it must find that an award of attorney's fees is "appropriate."

*Saint John's Organic Farm v. Gem Cty. Mosquito Abatement Dist.*, 574 F.3d

**MEMORANDUM DECISION AND ORDER - 2**

1054, 1058 (9th Cir. 2009).[1]

Idaho Power argues it is a "prevailing or substantially prevailing" party because it obtained the relief sought – EPA action on the water quality standard. In the alternative, it argues that fees should be available under the "catalyst theory."

In *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001), the Supreme Court rejected the "catalyst theory" in statutes that provide fees for "prevailing parties." Idaho Power argues that *Buckhannon* should not control, because the Clean Water Act allows fees for "substantially prevailing parties" in addition to "prevailing parties." This argument is foreclosed by Ninth Circuit precedent.

In *Kasza v. Whitman*, 325 F.3d 1178, 1180 (9th Cir. 2003), the Ninth Circuit held that *Buckhannon* precluded recovery of fees under the catalyst theory in claims brought under the Resource Conservation and Recovery Act. The fee shifting provision of RCRA is basically identical to the Clean Water Act. *Compare* 42 U.S.C. § 6972(e) *with* 33 U.S.C. § § 1365(d). Therefore, Idaho Power cannot

---

[1] The Ninth Circuit, in *Saint John's*, decided that the Plaintiff had "prevailed" and did not determine whether the catalyst theory was available to a plaintiff bringing a Clean Water Act claim.

**MEMORANDUM DECISION AND ORDER - 3**

recover under the catalyst theory. *See also Oregon Nat. Desert Ass'n v. Locke*, 572 F.3d 610, 616 (9th Cir. 2009) (catalyst theory not available under Freedom of Information Act, prior to amendment, which provided fees for party that "substantially prevailed.")

Idaho Power is also not a prevailing party or substantially prevailing party, because it did not obtain relief through a judicially enforceable settlement agreement.[2] In determining whether a settlement agreement confers prevailing party status on a plaintiff, the Ninth Circuit uses a three-part test, looking at: "(1) judicial enforcement; (2) material alteration of the legal relationship between the parties; and (3) actual relief on the merits of [the plaintiff's] claims." *Saint John's*, 574 F.3d at 1059. While the Ninth Circuit does not require much judicial enforceability, there must be some. *See Richard S. v. Dep't of Developmental Servs. of State of California*, 317 F.3d 1080, 1088 (9th Cir. 2003) (plaintiff was prevailing party where case

---

[2] Idaho Power argues that "substantially prevailing party" should be mean something different than "prevailing party." Specifically, it argues that the Court does not have to find a judicially enforceable change in the relationship of the parties for Idaho Power to be "substantially prevailing." This argument is foreclosed by Ninth Circuit precedent. *Kasza*, 325 F.3d at 1180 ([Plaintiff] is not a "prevailing party" (and thus cannot be a *substantially* "prevailing party") because she did not gain by judgment or consent decree a material alteration of the legal relationship of the parties.").

**MEMORANDUM DECISION AND ORDER - 4**

was dismissed after settlement agreement was filed with the court, and the court noted parties are bound by the agreement); *Barrios v. California Interscholastic Federation*, 277 F.3d 1128 (9th Cir.2002) (settlement agreement was legally enforceable, and court retained jurisdiction over attorney fees).

    Here, Idaho Power, EPA, and the State, entered into an agreement that allowed EPA time to take action on the water quality standard. In exchange for EPA's action, Idaho Power agreed to dismiss the case. The parties stipulated to stay the litigation pending EPA's approval of the water quality standard. Idaho Power obtained its desired relief. But, the settlement agreement was never filed with the Court, nor did it contain any judicial enforcement mechanism. If EPA violated the agreement, Idaho Power's only option was to continue litigation. Ultimately the case was dismissed with prejudice following Idaho Power's notice of voluntary dismissal.

    EPA voluntarily took action on the water quality standard, albeit under the threat of Idaho Power's lawsuit. However, there was no role for the Court beyond staying the case, receiving status reports, and dismissing the case. This is not sufficient "judicial enforceability" to confer prevailing party status. Accordingly, the Court finds that Idaho Power is not a

prevailing party or substantially prevailing party and may not recover costs or fees.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion for Award of Attorney Fees (Dkt. 37) is **DENIED**.

2. Plaintiff's Bill of Costs (Dkt. 36) is **DENIED**.

DATED: November 3, 2020

_____
B. Lynn Winmill
U.S. District Court Judge